UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

EUGENE J. FISCH,

        Plaintiff,

    -against-

REPUBLIC OF POLAND, KRZYSTOF DABROWSKI, Trade Commissioner, JOHN DOE, Staff Member, KRZYSTOF W. KASPRZYK, Counsul General, BEDA PEKSA-KRAWIEC, Permanent Mission of the Republic of Poland to the United Nations, AMBASSADOR JANUSZ REITER AND ITS PREDECESSORS, WOJCIECH FRELA, Deputy Chief of Mission, Charge D'Affairs, ARTUR WARDZYNSKI, First Secretary, Political Department, Republic of Poland Embassy, LECH KACZYNSKI, President of Poland, Chancellery of the President of the Republic of Poland, JAROSLAW KACZYNSKI, Prime Minister-Chairman of the Council of Ministers of the Republic of Poland, AND ANNA FORTYGA, Secretary of State in the Ministry of Foreign Affairs,

        Defendants.
--------------------------------------------------------X

**MEMORANDUM AND ORDER**

07 Civ. 7204 (LAP)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    Plaintiff Eugene J. Fisch ("Fisch"), proceeding pro se, brings this action against the Republic of Poland and various other defendants, alleging, inter alia: (1) negligent breach of contract; (2) breach of fiduciary duty; (3) cruel and inhumane treatment; (4) sexual assault;

1

(5) battery; (6) torture; (7) obstruction of justice; (8) fraud; (9) intentional infliction of emotional distress; and (10) rape. On August 10, 2007, the court granted Fisch leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Before the Court is Fisch's motion for an order: (a) granting a continuation of his in forma pauperis status; (b) "[directing] [s]ervice []of process under [i]n [f]orma [p]auperis proceeding;" and (c) "[granting] relief on in forma pauperis proceedings as related to translations, non payment of fees, service and process in Poland."

The in forma pauperis statute, codified at 28 U.S.C. § 1915, provides indigent litigants meaningful access to the federal courts. See Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989). Once granted to a plaintiff, in forma pauperis status remains throughout the litigation unless the court, at any time, determines to dismiss the case because: (i) the plaintiff's allegation of poverty is untrue; (ii) the action or appeal is frivolous or malicious; (iii) the action or appeal fails to state a claim on which relief may be granted; or (iv) the action or appeal seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Since the plaintiff's in forma pauperis status has not been discontinued, his motion for an order granting a continuation of his in forma pauperis status, is denied.

"The officers of the court shall issue and serve all process, and perform all duties" in cases commenced pursuant to the in forma pauperis statute. 28 U.S.C. § 1915(d). Service of process includes service of process on a foreign defendant, pursuant to Fed. R. Civ. P. 4 and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608. As part of the instant motion, Fisch submitted, inter alia, a copy of letters he sent to: (a) the Clerk of Court ("Clerk") for this judicial district, requesting that he "appoint and retain [a] competent translat[o]r" to translate the documents necessary to effect service on the foreign defendants; and (b) the United States

Department of State, requesting official certification of the individual defendants' diplomatic status and assistance in serving the foreign defendants. Documents, submitted by the plaintiff, as part of the instant motion, do not demonstrate that Fisch complied with the Clerk's instructions for serving process on a foreign defendant or that officers of the court are not fulfilling their relevant duties. Therefore, because: (1) Fisch is entitled to have process served by officers of the court, based on his in forma pauperis status; (2) Fisch has failed to demonstrate to the Court that an impediment exists to availing himself of the entitlement to in forma pauperis service of process; (3) Fisch has failed to demonstrate that officers of the court have not been fulfilling their statutory duties; and (4) the statutory time for effecting service has not expired, as of the time of this writing, Fisch's motion, for an order directing service of process, is denied. Fisch should, if necessary, seek assistance from the Pro Se Office for this judicial district concerning service of process.

No federal rule gives an indigent pro se plaintiff, in a civil action, the right to a court-ordered translation of pre-trial documents. See Pedraza v. Phoenix, No. 93 Civ. 2631, 1994 WL 177285, at *1 (S.D.N.Y. May 9, 1994). While a district court has discretion to appoint counsel to represent a person unable to afford counsel, pursuant to 28 U.S.C. § 1915 (e)(1), no discretion appears to be contemplated, by the in forma pauperis statute, for allowing the fees for either translating documents or serving process to be borne by the court. Accordingly, Fisch's request, for the court to pay his translation and service of process fees, is denied.

Dated: New York, New York
       October 23, 2007

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3