```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
EUGENE J. FISCH,                    :    07 Civ. 7204 (LAP)
                                    :
                Plaintiff,          :
                                    :    MEMORANDUM
         v.                         :    and
                                    :    ORDER
REPUBLIC OF POLAND, et al.,         :
                                    :
                Defendants.         :
                                    :
------------------------------------X

MAILED TO peff + COUNSEL

LORETTA A. PRESKA, Chief United States District Judge:

   Plaintiff Eugene J. Fisch, who is proceeding pro se and in forma pauperis, brings this action against the Republic of Poland ("Poland"), three of its government officials including its president and now former prime minister, its embassy, and seven of its diplomatic agents and consular officers in the United States (collectively, "Defendants") for causes of action relating to a breach of an alleged oral contract for media services, an alleged "sexual crime" committed by one of the individual defendants, and an alleged cover-up by the other defendants. Defendants move to vacate the default judgment under Fed. R. Civ. P. 60(b) and dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (6); the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601 et seq. ("FSIA"); and 22

U.S.C. § 254d. Additionally, the United States filed a Statement of Interest supporting Defendants' motion, to which the Court gave the parties an opportunity to respond.[1] Having carefully considered the United States and the parties' submissions, the Defendants' motion is GRANTED.

I.   BACKGROUND

Plaintiff's Complaint chronicles a variety of fanciful allegations in over eighty pages. Plaintiff alleges that Polish officials entered into an oral contract for him to develop a global media presence for Poland by producing web sites, films, books, and television shows to promote Polish interests in exchange for $20 million. (Complaint ¶¶ 69, 125, 127, 210.) As part of this campaign, Plaintiff alleges that he was to distribute the novel he wrote, which he perceives as "a phenomena on the scale of DaVinci Code, Passion of Christ, etc." (Id. ¶ 26.)

Plaintiff alleges that Poland authorized a defendant to drug and rape Plaintiff. (Id. ¶¶ 86-88, 172.) That official purportedly derives from a group of officials who

---

[1] The United States filed its statement of interest under 28 U.S.C. § 517. The United States indicated it had a compelling interest in respecting the privileges and immunities accorded to diplomats and consular officers in order to uphold the United States' obligations to its treaty partners, thereby ensuring that these protections are reciprocally extended to United States personnel abroad.

"were rewarded with rape as compensation" by the Polish government for negotiating the supposedly lucrative $20 million agreement with Plaintiff. (Id.)

Defendants did not respond to the Complaint. A default judgment was entered on September 17, 2008.

II. DISCUSSION

A. Default Judgment

Fed. R. Civ. P. 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment." The Court deems that the default judgment was rendered through the mistake, inadvertence, and excusable neglect of Defendants based upon a good faith misunderstanding of a foreign judicial system. Additionally, as analyzed infra, the Complaint presents frivolous claims and many, if not all, Defendants are immune from suit. Moreover, the Court prefers to resolve cases on the merits, especially for cases involving a foreign sovereign. Accordingly, the judgment previously entered in this action in favor of Plaintiff and against Defendants is hereby vacated.

B. The Frivolous Complaint

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . is frivolous

or malicious." The frivolousness review subjects nonpaying litigants' lawsuits to a screening process functionally similar to the financial disincentives that deter other litigants. Additionally, this review ensures that the resources of this Court, Poland, Polish government officials, and the United States will not be further squandered on a baseless action.

This action falls squarely within the category of cases that must be dismissed. First this action is frivolous because, many, if not all, Defendants are immune from suit. See Consular Convention Between the Government of the United States of America and the Government of the Polish People's Republic, May 31, 1972, No. 13187, available at http://untreaty.un.org/unts/60001_120000/7/28/00013366.pdf; The Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95; Van Aggelen v. United Nations, No. 06 Civ. 8240, 2007 WL 1121744, at *2 (S.D.N.Y. Apr. 12, 2007).

Second, even to the extent that Defendants are not immune from suit, Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) for raising frivolous allegations. Plaintiff's claims that Poland selected him to orchestrate a worldwide media campaign for $20 million

and that Poland authorized an official to drug and rape Plaintiff as a reward for negotiating the agreement with him present a factual scenario that is not only implausible but also fantastic and delusional. See Neitzke v. Williams, 490 U.S. 319 (1989).  This Court will not adjudicate such works of fiction.  Accordingly, the Complaint is dismissed.[2]

---

[2] In dismissing the Complaint as frivolous, the Court does not reach the United States and Defendants' other arguments for dismissal.

III. <u>CONCLUSION</u>

The Defendants' motion to vacate the default judgment and dismiss the complaint [dkt. no. 40] is GRANTED.

The Clerk of the Court shall mark this action CLOSED and all pending motions DENIED as moot.

It is CERTIFIED under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.

SO ORDERED

Dated:   New York, New York

        November _____, 2009


_____
LORETTA A. PRESKA, Chief U.S.D.J.

III. CONCLUSION

The Defendants' motion to vacate the default judgment and dismiss the complaint [dkt. no. 40] is GRANTED.

The Clerk of the Court shall mark this action CLOSED and all pending motions DENIED as moot.

It is CERTIFIED under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.

SO ORDERED

Dated:   New York, New York

November  20 , 2009

_____
LORETTA A. PRESKA, Chief U.S.D.J.